[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16189
Non-Argument Calendar
_____

D.C. Docket No. 07-00008-CR-6

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN MAURICE BEASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

(June 4, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

The district court sentenced Kelvin Maurice Beasley to prison for a term of 218 months on a plea of guilty, made pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute five grams or more of crack cocaine and cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a).  See 21 U.S.C. §

846.  He appeals the sentence, arguing that it is (1) procedurally unreasonable because the district court failed to consider his minor role in the offense and impermissibly took into account a gun and body armor found at his home, and (2) substantively unreasonable because his role in the crime was less than that of his co-conspirator.[1]

Our reasonableness reviews consist of two steps.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  First, we determine whether the district court committed a significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines sentence range, treating the Guidelines as mandatory, failing to consider the sentencing factors of 18 U.S.C. § 3553(a), selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including an explanation for any deviation from the Guidelines sentence range.  Id. (quoting Gall v. United States, 552 U.S. ----, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).

Second, if the district court did not commit a procedural error, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances."  Id.

---

[1] Beasley does not expressly argue in his brief that his sentence was calculated improperly or that he was improperly denied a minor or minimal role reduction.  Accordingly, we deem any claim in this respect to be waived. United States v. Jernigan, 341 F.3d 1273, 1283 n. 8 (11th Cir. 2003).

2

(quoting Gall, 552 U.S. at —, 128 S.Ct. at 597). We "may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." Pugh, 515 F.3d at 1191. In other words, if the district court made a clear error in judgment in weighing the sentencing factors, we remand the case for resentencing. Id. While a sentence within the Guidelines sentence range is not entitled to a presumption of reasonableness, we "ordinarily would expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The district court did not abuse its discretion in imposing the sentence in this case. It correctly applied the sentencing procedures and did not consider any impermissible factors. Further, it gave due consideration to the characteristics of the offense and the defendant's status as a career offender and thus imposed a substantively reasonable sentence.

AFFIRMED.

3